IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

STEPHANIE OWENS,

    Plaintiff,

v.

HARVARD COLLECTION SERVICES, INC.,

    Defendant.

## COMPLAINT

NOW comes STEPHANIE OWENS ("Plaintiff"), by and through the undersigned, complaining as to the conduct of HARVARD COLLECTION SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

1

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Denver, Colorado, which is within the District of Colorado.

5. Defendant advertises that it "has experience in providing collection services[.]"[1] Defendant is a corporation organized under the laws of the state of Illinois, with its principal place of business located at 4839 N. Elston Avenue, Chicago, Illinois 60630. Harvard identifies itself as a debt collector and has been a member of the ACA since 1982.[2]

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") that Plaintiff allegedly owes.

9. Plaintiff purportedly incurred the subject debt for the purchase of personal goods and/or services.

10. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was assigned to or otherwise turned over to Defendant for collection purposes.

11. Subsequently, around the summer of 2021, Defendant began reporting the subject debt on Plaintiff's credit report(s) in an attempt to collect upon the subject debt.

12. Plaintiff contacted Defendant as Plaintiff did not recognize the subject debt upon seeing on her credit report(s).

---

[1] https://www.harvardcollect.com/other-industries/
[2] https://www.acainternational.org/search#memberdirectory

13.  Upon speaking with Plaintiff, Defendant mocked and berated Plaintiff for not making a payment.

14.  Furthermore, Defendant also falsely asserted that the relevant statute of limitation had no effect on the subject debt.

15. Plaintiff was taken aback by Defendant's unprofessional conduct and harassing collection campaign.

16. Frustrated and confused over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d**

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

25. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking Plaintiff during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly embarrassed Plaintiff when it attempted to collect upon the subject debt.

    a.  **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §§ 1692e, e(2)(A), e(5), and e(10) when it employed deceptive means to collect or attempt to collect upon the subject debt. The misleading nature of Defendant's collection campaign is highlighted by the fact that Defendant represented that the statute of

limitations did not apply to the subject debt. Defendant's actions only served to worry and confuse Plaintiff.

29. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it mocked and berated her. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

   b. **Violations of FDCPA § 1692f**

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to ridicule Plaintiff during its debt collection campaign as this act was designed to place undue pressure on Plaintiff to make a payment.

WHEREFORE, Plaintiff, STEPHANIE OWENS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  August 31, 2021                                  Respectfully submitted,

                                                         s/ Nathan C. Volheim

                                              Nathan C. Volheim, Esq. #6302103
                                              *Counsel for Plaintiff*
                                              Sulaiman Law Group, Ltd.
                                              2500 South Highland Ave., Suite 200
                                              Lombard, Illinois 60148
                                              (630) 568-3056 (phone)
                                              (630) 575-8188 (fax)
                                              nvolheim@sulaimanlaw.com